IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jimilou E. Budusky<br>　　　　Debtor(s) | CHAPTER 13 |
| PNC Bank, National Association<br>　　　　Movant<br>vs. | NO. 17-15645 JKF |
| Jimilou E. Budusky<br>　　　　Debtor(s) | |
| Frederick L. Reigle Esq.<br>　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　The current post-petition arrearage on the mortgage held by the Movant on the Debtor's residence at 231 Lawn Avenue, Sellersville, PA 18960 ("the Property") is **$8,915.48,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | Sept. 2017 through Feb. 2018 at $1,314.08/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears:** | **$8,915.48** |

2.　The Debtor(s) shall cure said arrearages in the following manner;

a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include:

　　i) The post-petition arrears of **$8,915.48**;

　　ii) Monthly adequate protection payments in the amount of $1,033.94 per month (representing the current monthly escrow payment);

　　iii) A provision that Movant's claim will be paid in full by the sale of the Property by August 31, 2018; and

　　iv) A provision that if the claim is not paid in full by August 31, 2018, Debtor will either amend her plan include payment of the full arrears (including an additional **$4,310.40**, which is the

unpaid principal and interest previously not included in the adequate protection payments from March 2018 to August 2018) or surrender the Property.

    b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,915.48** along with the pre-petition arrears;

    c) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

    d) Beginning on March 1, 2018, Debtor shall make regular monthly payments in the amount of $1,033.94 to Movant as adequate protection payment until either the Property is sold or until August 31, 2018 at which point the abovementioned Amended Plan provisions will come into effect.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments or actions under Section 2 above are not tendered or done pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 31, 2018                By: __/s/ Rebecca A. Solarz, Esq.__
                                      Rebecca A. Solarz, Esq.
                                      Attorney for Movant

Date: 2/2/18                          _____ Mitchell J. Prince, ESQ.
                                      John L. McClain Esq.
                                      Attorney for Debtor(s)

Date: 2/8/18                          _____
                                      Frederick L. Reigle Esq.
                                      Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon

PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
3232 Newmark Drive
Miamisburg, OH 45342