United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 17-15645-jkf
Jimilou E. Budusky                                              Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: Randi         Page 1 of 1         Date Rcvd: Feb 13, 2018
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2018.
db             +Jimilou E. Budusky,   231 Lawn Ave,   Sellersville, PA 18960-2325

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2018                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2018 at the address(es) listed below:
       FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
       JOHN L. MCCLAIN    on behalf of Debtor Jimilou E. Budusky aaamcclain@aol.com,
        edpabankcourt@aol.com
       KEVIN G. MCDONALD    on behalf of Creditor   PNC Bank, National Association KMcDonald@blankrome.com
       POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
        ecf_frpa@trustee13.com
       REBECCA ANN SOLARZ    on behalf of Creditor   PNC Bank, National Association
        bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                  TOTAL: 6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jimilou E. Budusky<br>　　　　　Debtor(s) | CHAPTER 13 |
| PNC Bank, National Association<br>　　　　　Movant<br>vs. | NO. 17-15645 JKF |
| Jimilou E. Budusky<br>　　　　　Debtor(s) | |
| Frederick L. Reigle Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The current post-petition arrearage on the mortgage held by the Movant on the Debtor's residence at 231 Lawn Avenue, Sellersville, PA 18960 ("the Property") is **$8,915.48,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | Sept. 2017 through Feb. 2018 at $1,314.08/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears:** | **$8,915.48** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include:

i) The post-petition arrears of **$8,915.48**;

ii) Monthly adequate protection payments in the amount of $1,033.94 per month (representing the current monthly escrow payment);

iii) A provision that Movant's claim will be paid in full by the sale of the Property by August 31, 2018; and

iv) A provision that if the claim is not paid in full by August 31, 2018, Debtor will either amend her plan include payment of the full arrears (including an additional **$4,310.40**, which is the

unpaid principal and interest previously not included in the adequate protection payments from March 2018 to August 2018) or surrender the Property.

      b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,915.48** along with the pre-petition arrears;

      c) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

      d) Beginning on March 1, 2018, Debtor shall make regular monthly payments in the amount of $1,033.94 to Movant as adequate protection payment until either the Property is sold or until August 31, 2018 at which point the abovementioned Amended Plan provisions will come into effect.

    3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

    4.    In the event the payments or actions under Section 2 above are not tendered or done pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

    7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 31, 2018

By: /s/ Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 2/2/18

John L. McClain Esq. / Mitchell J. Prince, ESQ.
Attorney for Debtor(s)

Date: 2/8/18

Frederick L. Reigle Esq.
Chapter 13 Trustee

Approved by the Court this 13th day of February, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon

PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
3232 Newmark Drive
Miamisburg, OH 45342